[No. 15883.   Department Two.—February 28, 1895.]

In the Matter of the Estate of JOHN T. HOPE,
Deceased.

Estates of Deceased Persons—Advance Payment of Claim not Com-
pulsory—Construction of Code—Jurisdiction of Court.—Section
1513 of the Code of Civil Procedure contemplates the payment of the
principal as well as the interest of any claim authorized thereunder to
be paid by order of the court; but the owner of a debt, although it is a
preferred claim bearing interest, cannot compel an advance payment of
it, and the court has no jurisdiction to make an imperative and manda-
tory order to compel the executor to pay any claim in advance of the
filing of an inventory and account of administration, and only has au-
thority to make a permissive order for the advance payment of a claim
against the estate.

Id.—LIABILITY OF EXECUTOR—INTEREST.—An executor having authority
from the court to pay a preferred claim bearing interest, the payment
of which is warranted by the condition of the estate, will be liable to
the estate for interest accruing thereafter, if the refusal to pay it is not
based upon sound reasons.

APPEAL from an order of the Superior Court of the
City and County of San Francisco directing the imme-
diate payment of a claim against the estate of John T.
Hope, deceased.

The facts are stated in the opinion of the court.

*J. D. Sullivan*, and *Herbert Choynski*, for Appellant.

The superior court cannot imperatively order the pay-
ment of any debt until after the filing of an inventory,
and the settlement of accounts of the executor or ad-
ministrator. (Code Civ. Proc., secs. 1636, 1646, 1647.)

*Edward Myers*, for Respondent.

The order was proper under section 1513 of the Code
of Civil Procedure, which was added to the code after the
enactment of sections 1646 and 1647.

HENSHAW, J.—The court in probate directed the im-
mediate payment of a claim against the estate of de-
ceased, after a showing that the claim was upon a
judgment rendered against him in his lifetime; that it
bore interest; that it had been allowed and approved by
the administratrix and the judge about fifteen months
previously; that it was a preferred claim; that notice to
creditors had been duly published and the time for pres-
entation of claims had expired; and that there were
funds in the hands of the administratrix ample for its
payment and properly applicable thereto. The admin-
istratrix appeals from the order.

The only question presented by the appeal is in the
language of the appellant: Has the superior court, sit-
ting in probate, jurisdiction to make an order directing
the administratrix of an estate to pay a claim against
the estate under such circumstances, no inventory hav-

ing been made or filed, and no account of her administration ever having been filed by her or settled by the court?

The order is based upon section 1513 of the Code of Civil Procedure, which provides: " If there be any debt of the decedent bearing interest, whether presented or not, the executor or administrator may, by order of the court, pay the amount then accumulated and unpaid, or any part thereof, at any time when there are sufficient funds properly applicable thereto, whether said claim be then due or not; and interest shall thereupon cease to accrue upon the amount so paid.

" This section does not apply to existing debts, unless the creditor consent to accept the amount."

We make no doubt but that this section contemplates the payment of the principal as well as the interest of such a debt. It was added to the code after the passage of sections 1647 and 1648 of the Code of Civil Procedure, and is a modification of the general rule as to the time of payment of the class of claims specified in it.

The section, however, is designed not for the benefit of creditors, but for the benefit of the estate. It affords no right to the owner of such a debt to compel an advance payment of it. The order directing the administratrix to pay should be in its form not compulsory, but permissive merely. Then she may pay or not, as her discretion suggests, and as the condition of the estate warrants. If she does not pay she cannot be compelled to do so by the creditor, but will be liable to the estate for the interest accruing thereafter if she cannot show that her refusal was based upon sound reasons.

The especial point relied upon by appellant is that she neglected to return any inventory or file any account of her administration; that *because* of this neglect she cannot be compelled to pay, and that the redress of the claimant is to cause her removal and the appointment of some one who will perform the duties of the trust. (Code Civ. Proc., sec. 1450.) This contention does not commend itself, still less the attitude of the administra-

trix in making it.    She cannot be compelled to pay, not because she has been faithless to her trust, but because a compulsory order is in excess of the jurisdiction of the court.

The order here directs the immediate payment of the debt.    It must be held to have been designed as imperative and mandatory.    So construed it was in excess of the jurisdiction of the court, and is therefore reversed.

TEMPLE, J., and McFARLAND, J., concurred.